UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SIPHUMELELE MASHIYANE,

                Plaintiff,

-against-                             25-CV-4963 (LTS)

JUDGE MICHELLE RODNEY; ANCELOT        ORDER OF DISMISSAL
FLETCHER; LYNELLE MAGINLEY LIDDIE;
NYC MAYOR ADAMS, ERIC,

                Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

      The caption to the complaint lists as the plaintiff Siphumelele Mashiyane, an individual who is currently detained at the Robert N. Davoren Center on Rikers Island. The complaint and the application to proceed *in forma pauperis* ("IFP"), however, are signed by an individual named Thandeka Mazibuko, who identifies herself as holding Power of Attorney for Mashiyane. Mazibuko also attaches to the complaint an executed power of attorney form indicating that she is authorized to act on Mashiyane's behalf with respect to certain matters.[1] The allegations in the complaint arise from Mahiyane's criminal proceedings and injuries he sustained while detained at Rikers Island. For the reasons set forth below, the Court dismisses this action without prejudice to any future civil action Mashiyane himself may file on his own behalf.

---

[1] Specifically, the power of attorney authorizes Mazibuko to act on Mashiyane's behalf with respect to transactions involving real estate, chattel and goods, bonds and commodities, banking, business operations, insurance, and estates. (ECF 1, at 8.)

## DISCUSSION

**A.     Power of attorney**

"[A]ppearance *pro se* denotes (in law latin) appearance for one's self; so that a person ordinarily may not appear *pro se* in the cause of another person or entity." *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997); *see U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause." (internal quotation marks and citation omitted)). District courts within this Circuit have held that this rule applies even if the person bringing the action on behalf of another person has power of attorney. *See, e.g.*, *LaPietra v. City of Albany Police Dep't*, 19-CV-1527, 2020 WL 8910894, at *1-2 (N.D.N.Y. Jan. 15, 2020) (dismissing without prejudice any claims brought by power of attorney LaPietra on behalf of Tarver and refusing to permit LaPietra to sign court submissions on behalf of Tarver); *Whitfield v. Johnson*, No. 18-CV-1232, 2018 WL 1385890, at *2 (E.D.N.Y. Mar. 19, 2018) ("A non-attorney agent with power of attorney may not appear *pro se* on behalf of the principal."), *aff'd*, No. 18-1331, 2019 WL 1178739 (2d Cir. Mar. 13, 2019) (summary order); *Munger v. Cahill*, No. 9:16-CV-0728, 2017 WL 2123851, at *2 (N.D.N.Y. May 16, 2017) ("A power of attorney does not allow that person to proceed pro se on behalf of their principal[.]" (internal quotation marks and citation omitted)); *Valle v. Green Tree Servicing, LLC*, No. 3:16-CV-0277, 2017 WL 1053848, at *5 (D. Conn. Mar. 20, 2017) ("[D]istrict courts in the Second Circuit have routinely held that '[a] power of attorney does not allow that person to proceed pro se on behalf of their principal.'" (citation omitted, collecting cases)); *Miller v. Town of Morrisville*, No. 2:14-CV-0005, 2015 WL 1648996, at *3 (D. Vt. Apr. 14, 2015) ("[T]he granting of a power of attorney to a non-lawyer does not enable that person to appear in court on the grantor's behalf."); *Mandeville v. Wertheimer*, No. 01-CV-4469 (JSR) (DF), 2002 WL 432689, at *2-3 (S.D.N.Y. Mar. 19, 2002) (denying non-attorney

adult child's application to appear *pro se* as her parents' guardian based on her power of attorney).

Although Mazibuko appears to have power of attorney over some of Mashiyane's affairs, she has not alleged that she is an attorney. She therefore cannot proceed on Mashiyane's behalf or sign court submissions for him. The Court therefore dismisses without prejudice any claims that Mazibuko brings on behalf of Mashiyane.

**B.      Signatures and IFP status**

Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a); *see* Local Civil Rule 11.1(a). The Supreme Court of the United States has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001).

In order proceed with a civil action in this court, a prisoner must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request authorization to proceed IFP that is, without prepayment of fees, submit a signed IFP application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act requires the Court to collect the $350.00 filing fee in installments deducted from the prisoner's prison trust fund account. *See* § 1915(b)(1). A prisoner seeking to proceed in this Court without prepayment of fees must therefore authorize the Court to withdraw these payments from his prison trust fund account by filing a "prisoner authorization," which

directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee[2] from the prisoner's prison trust fund account in installments and to send to the Court certified copies of the prisoner's prison trust fund account statements for the past six months. *See* § 1915(a)(2), (b).

The complaint and IFP application submitted in this action (ECF 1, 2) do not comply with Rule 11(a) because Mazibuko, who is not a party to this action, signed them, not Mashiyane, who is the plaintiff. Moreover, neither Mazibuko nor Mashiyane has submitted a signed prisoner authorization. The Court dismisses this action without prejudice to Mashiyane signing his own complaint, IFP application, and submitting a signed prisoner authorization, and filing those documents on his own behalf to commence a new federal civil action.

## CONCLUSION

The Court dismisses this action without prejudice to any future civil action Mashiyane may file.[3]

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[2] The $55.00 administrative fee for filing a federal civil action does not apply to persons granted IFP status under § 1915.

[3] The Court cautions Mashiyane that if a prisoner files a federal civil action or appeal that is dismissed as malicious, frivolous, or for failure to state a claim on which relief may be granted, the dismissal is a "strike" under § 1915(g). A prisoner who receives three "strikes" cannot file federal civil actions IFP as a prisoner, unless he is under imminent danger of serious physical injury, and must pay the filing fees at the time of filing any new federal civil action.

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated: June 24, 2025
       New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                Chief United States District Judge